MICHELE BECKWITH
Acting United States Attorney
JASON HITT
R. ALEX CARDENAS
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS HIGUERA-ALDANA,<br><br>Defendant. | CASE NO. 2:25-mj-0039-JDP<br><br>UNITED STATES' MOTION IN SUPPORT OF DETENTION FOR DEFENDANT HIGUERA-ALDANA |

The United States, through Assistant United States Attorneys Jason Hitt and R. Alex Cardenas, respectfully submit this motion in support of detention for defendant Carlos Higuera-Aldana ("defendant" or "Higuera-Aldana") pursuant to 18 U.S.C. § 3142(f)(1)(C).

**I.    INTRODUCTION**

The defendant Justin Petty is a career criminal indicted for substantial drug trafficking crimes committed on behalf of the criminal enterprise known as the Aryan Brotherhood. The charges in this case carry a presumption that Petty cannot follow conditions of release and he is a threat to the safety of the community. This Court should deny his motion to reconsider or reopen the pretrial detention order of Magistrate Judge Newman because there are no conditions that will reasonably assure the safety of any other person and the community.

## II. LEGAL ANALYSIS

### A. Applicable Detention Provisions in the Bail Reform Act

The Bail Reform Act of 1984 allows the release of a defendant only after finding conditions or a combination of conditions to reasonably assure the defendant's appearance or the safety of the community. When Congress amended the Bail Reform Act in 1984, it reflected "the deep public concern . . . about the growing problem of crimes committed by persons on release" and the recognition that "there is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6 7, reprinted in 1984 U.S. Code Cong. & Ad. News, P.L. 98 473, at 3188 3189.) "Congress has determined that '[w]here there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'" *Chimurenga*, 760 F.2d at 403 (quoting Senate Report at 3189).

#### 1. Flight Risk Standard - Preponderance of Evidence

Whether to detain a defendant as a flight risk pending trial is determined by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

#### 2. Danger Standard - Clear and Convincing Evidence

"A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

#### 3. Factors for Deciding Detention or Release

The Bail Reform Act uses an individualized assessment of the factors identified in 18 U.S.C. § 3142(g) to determine whether pretrial detention is appropriate. The factors include: the nature and circumstances of the offense charged, including whether it involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community

posed by the defendant's release. Each factor supports detention in this case, especially considering the concerning findings made during execution of today's search warrants at residences controlled by the defendant.

## III. DISCUSSION

### A. Nature and Circumstances of the Offense/Nature and Seriousness of the Danger to any person or the community posed by the defendant's release

1. <u>The Defendant is charged with drug trafficking as part of a network of violent gang members</u>

As detailed in the Criminal Complaint, the defendant is part of a Vallejo Sureno street gang known as the "Brown Brotherhood," commonly referred to as BBH. The primary criminal activities of BBH gang members have included murder, robbery, extortion, drug trafficking, firearms trafficking, burglary, stolen vehicles, and victim/witness intimidation. These criminal acts are meant to instill fear and intimidation in rival gang members, as well as members of the community who live and work in the neighborhoods controlled by the gang. As part of the defendant's participation in BBH, FBI conducted controlled purchases of drugs from the defendant on the following occasions:

- September 17, 2024: two pounds of methamphetamine
- October 23, 2024: two pounds of methamphetamine
- January 24, 2025: one pound of methamphetamine

Thus, the defendant's most-recent activities include selling pound-level quantities of methamphetamine as a member of BBH.

2. <u>Search warrant reveals the Defendant's Vallejo drug/firearm stash pad was also an active daycare center</u>

During execution of today's search warrants, law enforcement made a startling discovery. Specifically, when agents executed a federal warrant at 301 Avian Drive in Vallejo, a residence controlled by the defendant, they discovered approximately 11,300 suspected fentanyl-laced pills, 12 firearms, a silencer, four M80 explosives, and approximately $100,000 in suspected drug money. During execution of the warrant, agents realized that the defendant's relatives were operating a licensed daycare center at Higuera-Aldana's stash pad for lethal drugs and dangerous weapons. In fact, a parent attempted to drop their child off at the residence while agents were executing the warrant.

UNITED STATES' OPP. TO PETTY'S
MOT. FOR BAIL REVIEW

3

In addition, at the defendant's Dixon residence, law enforcement discovered approximately 16 pounds of methamphetamine in a vehicle in his driveway. In addition, they found a ½ pound of cocaine, consistent with the defendant's large-scale, poly-drug trafficking.

Thus, the nature and circumstances of the defendant's offenses heavily weigh in favor of pretrial detention given his danger to the community and strong risk of fleeing to avoid facing significant federal prison time.

### B. Weight of the Evidence Against the Defendant

The weight of the evidence against Higuera-Aldana is overwhelming. As detailed above, FBI conducted three controlled purchases directly from the defendant and agents uncovered a massive cache of drugs and firearms at two properties controlled by Higuera-Aldana. This factor therefore weighs in favor of detention.

### C. History and Characteristics of the Defendant

This factor weighs against releasing the defendant. The ultimate charges that Higuera-Aldana will face will carry heavy penalties. In addition, the defendant's criminal history features a 2023 failure to appear on three charges related to unsafe or reckless driving. Given the defendant's recent past inability to appear for court proceedings, it makes less likely that he would be willing to abide by any conditions of release in a case where, as here, he faces substantial federal prison time.

## IV.   CONCLUSION

The United States respectfully requests that the Court order Higuera-Aldana detained pending trial.

MICHELE BECKWITH
Acting United States Attorney

Dated:  February 27, 2025         By: /s/ *Jason Hitt*
                                  JASON HITT
                                  Assistant United States Attorney